UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD SHOAIB NOORI (A-244-891-217),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-2612 DAD CSK<br><br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

Petitioner Mohammad Shoaib Noori (A-244-891-217), a native and citizen of Afghanistan, who is proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the following reasons, this Court recommends that respondents' motion to dismiss this action as moot be granted.

On April 16, 2026, respondents filed a motion to dismiss addressing the merits of the petition.  (ECF No. 13.)  On May 1, 2026, this Court recommended that respondents' motion to dismiss be denied, the petition be granted and that respondents be ordered to provide petitioner with a bond hearing.  (ECF No. 14.)  On May 19, 2026, respondents filed a motion to dismiss arguing that the petition should be dismissed as moot because on April 16, 2026, an immigration judge granted petitioner asylum and petitioner was released from custody on May 14, 2026. (ECF No. 16.)  On May 19, 2026, petitioner's counsel filed a statement of non-opposition to the

1

motion to dismiss filed May 19, 2026, and confirming that petitioner has been released from custody following the grant of asylum.  (ECF No. 17.)

For the following reasons, this Court recommends that respondents' motion to dismiss filed May 19, 2026 be granted on the grounds that this action is moot.

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  "To invoke the jurisdiction of the federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable decision."  Id.  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings[.]"  Id.  Given that petitioner has been granted asylum and has been released from custody, the Court finds that no case or controversy exists and the petition is moot.  See Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) (discussing and collecting cases in which a petitioner's release from detention rendered habeas petition moot).

Accordingly, IT IS HEREBY ORDERED that respondents' motion to dismiss filed April 16, 2026 (ECF No. 13) and the May 1, 2026 findings and recommendations (ECF No. 14) are vacated; and

IT IS HEREBY RECOMMENDED that:

1.  Respondents' motion to dismiss filed May 19, 2026 (ECF No. 16) be granted.

2.  This action be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

/ / /

/ / /

2

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 21, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Noor2612.imm.moot/2

3